IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,         ) | |
|         ) | |
|     Plaintiff,         ) | |
|         ) | |
| v.         ) | No. 14-cr-40062-JPG-01 |
|         ) | |
| JOHNATHAN T. BUCK,         ) | |
|         ) | |
|     Defendant.         ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Johnathan T. Buck's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 72).

Buck pled guilty to one count of conspiracy to distribute crack cocaine. At sentencing on December 16, 2014, the Court found by a preponderance of the evidence that Buck's relevant conduct was at least 638 grams of crack cocaine, which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 30. His offense level was increased by two points under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during his offense and was reduced by three points under U.S.S.G. § 3E1.1(a) and (b) because Buck timely demonstrated acceptance of responsibility for his offense. This established a total offense level of 29 which, considering Buck's criminal history category of III, yielded a sentencing range of 108-135 months in prison. The Court imposed a sentence of 120 months. Buck now asks the Court to apply Amendment 782 to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2014 version of the U.S.S.G., including Amendment 782, which became effective November 1, 2014.

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction request.  *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant Buck's reduction request because he cannot satisfy the first criterion.  Buck was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  The Sentencing Commission promulgated Amendment 782 to amend U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower base offense levels associated with various drug amounts.  However, Buck's December 16, 2014, sentence was calculated using Amendment 782 and already reflects the reductions implemented by that guideline amendment.  Thus, his sentencing range has not "subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).

Because Buck cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court cannot grant his reduction request.  *See Taylor*, 778 F.3d at 762.  The Court therefore **DENIES** his motion (Doc. 72).

IT IS SO ORDERED.
DATED:   May 16, 2016

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **UNITED STATES DISTRICT JUDGE**